Cole *v.* Ryan.

---

## COLE, receiver, &c. *vs.* RYAN.

Where, upon the organization of a bank, individuals make and sign a certificate, stating that they have associated themselves, under and pursuant to the act of 1838, to authorize the business of banking, &c. to establish, &c. and carry on the business of banking; which certificate contains the name of the bank, &c. and is, in other respects, according to the requirements of the statute, and declares that the subscribers have respectively subscribed and set their hands and seals, &c. and the number of shares taken and held by each, and such numbers are affixed to the several signatures; this, without any other subscription, is sufficient to render the subscribers stockholders, and severally liable to the bank to take and pay for the number of shares set opposite their signatures.

Cole *v.* Ryan.

Such shares of stock are personal property, transferable, and, in case of a transfer, the transferree succeeds to all the rights of the transferrer.

The right to transfer the shares is unconditional, except as it may be limited by the articles of association.

Where one who has agreed to take stock, but has not paid for it, transfers the same in good faith, and without fraud, to a person supposed at the time to be a man of wealth and responsibility, and no debts of the bank existing at the time of such transfer are outstanding at the time a receiver of the bank is appointed, such receiver is bound by the acts of the bank in recognizing the transferree as the owner of the stock and the debtor thereon; and cannot maintain an action against the transferrer, to recover the amount of his subscription for the stock.

APPEAL from a judgment entered upon a trial by the court. Prior to April 5, 1859, certain persons, of whom the defendant was not one, entered into and subscribed articles of association for the purpose of organizing "The Medina Bank." In one of the articles it was declared that "the capital stock shall be called in at such times and in such manner as may, by the directors, be from time to time determined." It was also provided that the association should commence business April 5, 1859. A certificate, dated and acknowledged April 5, 1859, was made, signed and sealed by O. R. Brown and seven others, the defendant being one, stating that they had associated themselves under and pursuant to the act of 1838, to authorize the business of banking, &c. to establish, &c. and carry on the business of banking. This certificate contains the name of the bank, &c. and is, in other respects, according to the requirements of the statute. In the concluding clause it is declared that "we have hereunto respectively subscribed and set our hands and seals, &c. and the number of shares of the capital stock of the corporation aforesaid taken and held by each of us respectively." Then follow the names of the associates, and opposite the name of the defendant is "one hundred shares." Each share was $100. This certificate was properly acknowledged and filed, and the bank commenced business. It does not appear that any subscription for stock was made, other

than such as is contained in the certificate. Brown was the president and chief managing officer of the bank. The defendant never paid any thing on account of such stock. The defendant, November 17, 1859, executed, in the transfer book of the bank, a transfer, expressing a consideration, of one hundred shares of the stock of the bank, to Oliver R. Brown, who was then president, and who accepted such transfer. After this, and in 1859, Brown, who had become the holder of the entire stock of the bank, gave to the bank his promissory note for $50,000, that is, fifty per cent on the whole amount of the stock. The bank held this note until May 23, 1861, when Brown transferred, upon the books of the bank, all his stock, to wit, 1000 shares, to Timothy R. Baker, who gave to the bank his note for $50,000, which was substituted for the note of Brown, and Brown took up his note. A receiver of the bank was appointed, June 10, 1861, and July 1, 1861, the same person was appointed receiver under the act to enforce the responsibilities of stockholders, &c. passed April 5, 1849, and the present plaintiff is the successor of such receiver. The receiver first appointed prosecuted the note of Baker to judgment, in this court, for the full amount of the note, and afterwards sold the same, under the order of the court, realizing only a nominal sum. At the time the stock of the defendant was transferred to Brown, he (Brown) was reputed to be a man of wealth and responsibility. No debt of the bank, at the time of the transfer, was outstanding and unpaid, at the time the receiver was appointed. After such transfer, Brown, as president, managed the whole business of the bank, as the owner and holder of the stock. No call was ever made by the bank upon the defendant to pay for any part of the stock, nor was any claim made upon him on account of said stock, while the bank continued in business. The receiver, July 31, 1861, served on the defendant a notice requiring him to pay for such stock, and this

Cole *v.* Ryan.

action was commenced August 26, 1866. At the time the present plaintiff was appointed receiver, the debts of the bank exceeded its assets $35,000.

The referee found, as conclusions, 1st. That at the time the receiver was appointed, no liability to pay for one hundred shares of stock existed against the defendant, in favor of the bank, and that none was transferred to the receiver. 2d. That if any cause of action existed after the transfer of the stock to Brown, it was barred by the statute of limitations. 3d. That the plaintiff having failed to show that the transfer of the stock, by the defendant, to Brown, was fraudulent as to creditors, and not made in good faith, was bound by the acts of the bank in recognizing Brown as the owner of the stock and the debtor thereon. That the defendant was entitled to judgment for the costs of the action. Exceptions were taken by the plaintiff, and he appealed from the judgment.

*Bessac & Bullard,* for the appellant.

*S. A. Church,* for the respondent.

*By the Court,* MARVIN, J. In view of all the cases, I think we must regard the defendant as a stockholder, and as liable to the bank for such stock, at any time prior to the transfer made by him to Brown. (*See Dayton, receiver,* v. *Borst,* 31 *N. Y. Rep.* 435; *Lake Ontario, &c. Railroad Co.* v. *Mason,* 16 *id.* 451; *The Rensselaer and Washington Plank Road Co.* v. *Barton, Id.* 457, *note; Burrows, receiver,* v. *Smith,* 10 *id.* 550.)

The court, in the present case, assumed such liabibility, and put its decision upon other grounds.

The receiver, as to the right to maintain this action, occupies the position of the bank, and in the absence of fraud, touching the transfer, his right of action can be no better than the right of the bank was, after the transfer.

Cole *v.* Ryan.

Could the bank have maintained an action against the defendant for the stock, after it was transferred to Brown, and especially after Brown had become the owner and holder of all the stock?

By the act of 1838, chapter 260, to authorize the business of banking, section 19, the shares of the association are to be deemed personal property, and are transferable on the books of the association in such manner as may be agreed on in the articles of association; and every person becoming a shareholder by such transfer shall, in proportion to his shares, succeed to all the rights and liabilities of prior shareholders. This is clear. The shares are personal property, transferable, and the transferree succeeds to all the rights and liabilities of the transferrer.

The right to transfer the shares is unconditional, except as it may be limited by the articles of association. (*Bank of Attica* v. *Manufacturers' and Traders' Bank*, 20 *N. Y. Rep.* 501.) In the present case there was no limitation by the articles of association. I do not see that the act of 1849, chapter 226, to enforce the liability of stockholders, &c. has any application to this case. All the debts and liabilities of the bank existing at the time the defendant transferred his stock to Brown, had been paid and discharged, before any receiver was appointed. In *Cowles* v. *Cromwell,* (25 *Barb.* 413,) it was decided that upon a transfer of the stock in good faith, with the assent of the bank, by one who has agreed to take stock, but has not paid for it, to another person, such other person is substituted in the place of the original stockholder in regard to the liability to pay for the stock, and the latter is exonerated from payment. This is going further than it is necessary to go, in the present case, as in this case no debt existing at the time of the transfer, existed at the time a receiver was appointed. No question of fraud, touching the transfer of the stock, is made in this case. Brown was supposed, at the time, to be a man of wealth and responsibility.

In my opinion this case was properly decided, by the court.

It is not necessary to express any opinion as to the action being barred by the statute of limitations.

The judgment must be affirmed, with costs.

[ERIE GENERAL TERM, September 7, 1868.   *Daniels, Marvin, Davis* and *Barker*, Justices.]