ROCHESTER AND KETTLE FALLS LAND COMPANY, Appellant, v. WILLIAM O. RAYMOND, Respondent.

1. BUSINESS CORPORATIONS — SUBSCRIBER'S LIABILITY TO PAY FOR STOCK TERMINABLE BY TRANSFER. A mere subscriber for the stock of a business corporation does not, in the absence. of a special provision or agreement, assume a liability to pay the full par value thereof which sur-vives its transfer and remains although he has ceased to be a member of the corporation or to have any interest in it as a stockholder or otherwise.

2. SUBSCRIBER'S LIABILITY AS STOCKHOLDER CEASES ON TRANSFER OF STOCK. In the absence of special provisions to the contrary, either in the statute under which a corporation was organized or in its by-laws, an origi-nal subscriber to its stock can transfer his stock to another, and, if the transfer is made in good faith, his liability ceases and the transferee will be substituted in his place, with the same rights and liabilities as the original holder.

3. TRANSFER OF LIABILITY BEFORE STOCK FULLY PAID. In the absence of a special provision or agreement making subscribers liable for the full amount of their subscriptions, the power of substitution of the purchaser of stock to the rights and liabilities of the original holder is not limited to a time after the stock has been fully paid for.

4. WHEN SUBSCRIBER NOT LIABLE TO PAY IN FULL AFTER BONA FIDE TRANSFER OF STOCK. When a copy of section 26 of the Stock Corporation Law (L. 1890, ch. 564), providing for making stock non-trans-

ferable without the consent of the directors, so long as the holder is indebted to the corporation, has not been written or printed upon a subscriber's stock certificate, and there is no provision in the by-laws or in the subscription agreement making the subscriber liable for the full amount of his subscription, or making the stock non-transferable until fully paid, a subscriber is not liable to pay in full for the stock subscribed ·for by him, after he has ceased to be a stockholder by a *bona fide* transfer of his shares.

5. CORPORATION PRECLUDED FROM HOLDING SUBSCRIBER LIABLE AS STOCKHOLDER AFTER RATIFIED TRANSFER OF HIS STOCK. Where a corporation not only ratified a sale of stock by a subscriber, before fully·paid up, by canceling his certificate and issuing a new one to the purchaser, but after a lapse of a year and eight months commenced an action against the purchaser as a stockholder, to recover the amount of a call it had made upon the shares then standing in his name, and obtained a judgment against him, which it satisfied, an action commenced by the corporation about a year after obtaining such judgment, seeking to hold the subscriber liable as a stockholder, is too late, even though the good faith of his transfer of his stock was questionable.

*Rochester & K. F. Land Co.* v. *Raymond,* 4 App. Div. 600, affirmed.

(Argued March 7, 1899; decided April 18, 1899.)

APPEAL from a judgment in favor of the defendant, entered April 22, 1896, which was directed by the Appellate Division of the Supreme Court in the fourth judicial department to be entered upon a verdict previously directed by the trial court and which overruled the exceptions taken upon the trial which were ordered to be heard in the first instance at General Term.

The action was brought to recover of the defendant the amount of certain assessments levied by the plaintiff on thirty shares of its capital stock. The plaintiff is a domestic corporation organized under chapter 40, Laws of 1848, for the purpose of dealing in real estate. Its principal place of business is in the city of Rochester. By a written contract dated August, 1890, it was agreed by the parties signing it that the plaintiff corporation should be formed. It also provided for subscriptions to the capital stock of the proposed corporation, and the defendant subscribed for twenty of its assessable shares. The capital stock of the proposed company was to be five hundred thousand dollars, consisting of five

73

thousand shares of the par value of one hundred dollars each, divided into two hundred thousand dollars of assessable and three hundred thousand dollars of non-assessable stock.

Among other things this agreement provided : " To meet the first payment on purchase price of property and for necessary expenses and improvements, we hereby agree to pay 30 per cent on the amount of the assessable stock subscribed for by us, on or before the 22d day of September, 1890." The plaintiff was duly incorporated on that day, when the defendant paid the thirty per cent upon the amount of the assessable stock subscribed for by him as provided in the agreement, and received a certificate therefor.

George Hennegan was a subscriber for ten shares of the assessable stock of the plaintiff corporation and received a certificate therefor which he afterwards transferred to Frederick W. Zoller, who subsequently, and on the twenty-seventh of February, 1892, duly transferred it to the defendant, the consideration for the transfer being five dollars. These transfers were duly registered on the books of the company, the former certificates were canceled and a new one issued to the defendant. Previously to Zoller's transfer to the defendant and on January 26, 1892, the plaintiff made a call upon its shares of assessable stock of seven and one-half per cent, which Zoller paid, and the defendant also paid that call upon the twenty shares of stock then held by him. So that, on February 27, 1892, the defendant held thirty shares of assessable stock, sixty-two and one-half per cent of the par value of which was unpaid. Thereafter defendant acquired two more shares, which had been held by his son George W. Raymond, making defendant's holding of the plaintiff's assessable stock thirty-two shares.

On March 4, 1892, the defendant transferred these shares to Frank B. Van Every for the consideration of three dollars. The certificates therefor were duly surrendered to and canceled by the plaintiff, and it issued new certificates to Van Every for that number of shares. The plaintiff's secretary duly registered these transfers upon its books, and took Van Every's receipt for the shares received by him. The defend-

ant had been a director of the plaintiff, and continued such until October 24, 1892, when he disposed of the non-assessable stock he held, and one Kingsley was elected in his place.

On July. 7, 1892, the plaintiff made a further call upon its stock of twelve and one-half per cent. Van Every did not pay, and on November 4, 1893, a judgment by default was obtained against him by the plaintiff for the amount thereof. This judgment was satisfied by the plaintiff September 14, 1894, and in the following October it began this action against the defendant for the amount of the call attempted to be collected of Van Every and for the further amount of a call of ten per cent subsequently made. This action was not commenced until two years and eight months after the transfer of the defendant's shares to Van Every, and nearly a year from the date of the recovery of judgment against the latter for the amount of one of the calls included in this action.

Van Every was a waiter in a restaurant where the defendant took some of his meals, and was a person of little or no pecuniary responsibility. Soon after this transfer to him, Van Every. transferred the certificates to some one in the defendant's store to whom he was introduced but did not know, and received five dollars therefor. He claims that he did this in pursuance of some arrangement with the defendant by which he was to procure a purchaser of the stock.

*James G. Greene* for appellant. The subscription of the defendant for twenty shares of stock was a contract to take and pay the par value thereof binding upon him until such payment was made. A mere transfer of the certificate for such shares without some other act of the corporation than registration of such transfer does not release the defendant. He is liable for the stock subscribed for irrespective of the question whether the transfer to Van Every was in good faith and out and out, or otherwise. (*Billings* v. *Robinson*, 94 N. Y. 415; *S. & S. P. R. Co.* v. *Thatcher*, 11 N. Y. 102; *Small* v. *H. M. & H. Co.*, 2 N. Y. 330; L. 1892, ch. 688, § 43; *Kohlmetz* v. *Calkins*, 16 App. Div. 518; *N. R. R.*

*Co.* v. *Miller*, 10 Barb. 260 ; *B. & N. Y. C. R. R. Co.* v. *Dudley*, 14 N. Y. 336 ; *R. & W. P. R. Co.* v. *Barton*, 16 N. Y. 457 ; *T. & B. R. R. Co.* v. *Tibbits*, 18 Barb. 297 ; *Dayton* v. *Borst*, 31 N. Y. 435 ; *Upton* v. *Tribilcock*,. 91 U. S. 45.) Defendant's liability upon the ten shares of stock transferred to him by Zoller is upon the assumption of the unpaid balance implied from his becoming the owner of shares not fully paid up. (*Glenn* v. *Garth*, 133 N. Y. 18 ; *Webster* v. *Upton*, 91 U. S. 65 ; *Mann* v. *Currie*, 2 Barb. 294 ; *Cole* v. *Ryan*, 52 Barb. 168 ; *Billings* v. *Robinson*, 94 N. Y. 415 ; 1 Cook on Stockholders [3d ed.] § 256 ; *Gibbs* v. *L. I. Bank*, 83 Hun, 93 ; *B. G. Ins. Co.* v. *T. Nat. Bank*, 19 Misc. Rep. 564 ; *Johnson* v. *Underhill*, 52 N. Y. 203.) The transfer by the defendant to Van Every is no defense either as to calls on the twenty shares originally subscribed for, or the ten shares received from Zoller, unless such transfer was *bona fide.* (*Billings* v. *Robinson*, 94 N. Y. 415 ; *Isham* v. *Buckingham*, 49 N. Y. 216 ; *Tucker* v. *Gilman*, 121 N. Y. 189 ; 3 Thomps. on Corp. § 3255 ; *Nat. Bank* v. *Case*, 99 U. S. 628 ; *Mason* v. *Henry*, 152 N. Y. 529 ; *Sanger* v. *Upton*, 91 U. S. 36 ; *Upton* v. *Tribilcock*, 91 U. S. 45 ; *Van Riper* v. *Poppenhausen*, 43 N. Y. 68 ; *Stiefel* v. *N. Y. N. Co.*, 14 App. Div. 371 ; *Stuart* v. *Hayden*, 36 U. S. Ct. App. 462.) In reviewing the direction of a verdict for the defendant, the plaintiff is entitled to the most favorable construction of the evidence, and all contested facts are to be deemed established in its favor. (*Bond* v. *N. Y. C. & H. R. R. R. Co.*, 69 Hun, 476 ; *Rehberg* v. *Mayor, etc.*, 91 N. Y. 137 ; *Ladd* v. *Æ. Ins. Co.*, 147 N. Y. 478 ; *Levey* v. *Allien*, 72 Hun, 321 ; *Edson* v. *Bartow*, 154 N. Y. 199 ; *Swarthout* v. *Merchant*, 47 Hun, 106 ; *Blault* v. *Gabler*, 77 N. Y. 461 ; *Veiller* v. *Brown*, 18 Hun, 571.) The plaintiff is not precluded from pursuing the defendant by reason of having sued and recovered a judgment against Van Every. (*Woods* v. *Pangburn*, 75 N. Y. 495 ; *Crossman* v. *U. R. Co.*, 127 N. Y. 34 ; *Russell* v. *McCall*, 141 N. Y. 437 ; *R. D. Co.* v. *Devendorf*, 72 Hun, 428 ; *Remmel* v. *Townsend*, 83 Hun, 353.)

*W. A. Sutherland* for respondent. The plaintiff's right of action to recover assessments upon its stock rests upon the contract relation spelled out of the status of a stockholder to the corporation. (*Glenn* v. *Garth*, 133 N. Y. 18; *L. O. S. R. R. Co.* v. *Curtis*, 80 N. Y. 219; *P. & S. P. P. Co.* v. *Griffin*, 24 N. Y. 150; *Billings* v. *Robinson*, 28 Hun, 122.) When the plaintiff took its judgment against Van Every, the transferee of the defendant, it became estopped from suing the defendant to collect those same assessments. (*Fowler* v. *B. S. Bank*, 113 N. Y. 450; *Van Epps* v. *McGill*, Hill & Den. Supp. 109; *Heaton* v. *Angier*, 7 N. H. 397; *Wharton* v. *Walker*, 4 B. & C. 163; 1 Pars. on Cont. 219.) The obligation to pay assessments runs with the stock and is not personal to the holder except while he is a holder. (*Weston's Case*, L. R. [4 Ch. Div.] 20; *Master's Case*, 41 L. J. Ch. 501; *Pullman* v. *Upton*, 96 U. S. 328; *Billings* v. *Robinson*, 94 N. Y. 420; *Isham* v. *Buckingham*, 49 N. Y. 216; *Cutting* v. *Damerel*, 88 N. Y. 410; *Tucker* v. *Gilman*, 121 N. Y. 189.) There is no evidence in the case which would have justified the jury in finding against the validity of the transfer by the defendant to Van Every. (*Jones* v. *Simpson*, 116 U. S. 609; *Grosvenor* v. *Sickle*, 13 N. Y. S. R. 566; *Morris* v. *Talcott*, 96 N. Y. 107.)

MARTIN, J. This appeal is sought to be sustained upon two grounds: 1. That the defendant is liable to pay for the number of shares subscribed for by him, notwithstanding their subsequent transfer. 2. That he is liable upon all the shares he held, including those subsequently purchased, upon the ground that the transfer to Van Every was not made in good faith, but for the purpose of avoiding his liability as stockholder for the unpaid calls thereon.

*First*, as to the liability of the defendant by reason of his having been a party to the agreement to organize the plaintiff and to take a given number of shares of its stock when issued, it is to be observed that there is no provision in that agreement by which the defendant was to do

more than take the number of shares mentioned and to pay thirty per cent upon the amount of assessable stock subscribed for by him. There is no claim that he is in default as to the performance of either of those provisions. He took the agreed number of assessable shares and paid thirty per cent thereon. Therefore, it cannot be said that there was any requirement of the agreement he subscribed with which he has not fully complied. But the appellant claims that when the defendant subscribed for the plaintiff's shares, it included an implied agreement to pay to it the par value thereof, which is binding until payment is actually made, and that the transfer of his shares, although made according to the requirements of the statute and upon the books and by the act of the corporation, in no way relieved him from that liability. In other words, the claim is that a mere subscriber for the stock of a business corporation assumes a liability to pay the full par value thereof which survives its transfer, and remains, although he has ceased to be a member of the corporation, or to have any interest in it as a stockholder or otherwise.

An examination of the statute under which the plaintiff was organized (Ch. 40, Laws of 1848), and the subsequent statutes relating to this subject, discloses that the stock of such a corporation is declared to be personal property and to be transferable in such manner as shall be prescribed by the by-laws of the corporation. It also provides that no shares shall be transferable until all previous calls thereon shall have been paid in, or shall have been declared forfeited for non-payment thereof. Surely there is nothing in that statute which in any way forbids the transfer of such shares until they are fully paid for, or that indicates that any liability on the part of the subscriber or purchasing owner shall continue after their transfer, unless there have been calls previous to the time it is made. On the contrary, the plain inference to be drawn from its provisions is that transfers may be made before the shares are fully paid for, and it would seem to justify the holding that the transferee became liable in place of the original owner. We are of the opinion that,

in the absence of special provisions to the contrary, either in the statute under which a corporation is organized or in its by-laws, an original subscriber to the stock of such a corporation can transfer his stock to another, and, if made in good faith, his liability as a stockholder ceases and the transferee will be substituted in his place with the same rights and liabilities as the original holder. Indeed, one of the chief attributes of corporate stock is the right of transfer, whereby the rights and liabilities of the stockholder are transferred to the purchaser. We find no principle or authority which limits the power of substitution of the purchaser to the rights and liabilities of the owner to a time after the stock has been fully paid for. Unless so expressed in the instrument, the subscription is not an agreement to pay so much money, but is a contract by which the subscriber agrees to enter into the relation of a stockholder in the corporation. These considerations relate only to cases where there are no special provisions declaring the original subscribers to be liable for the amount of their subscriptions. Where there is such an agreement, effect must be given to it, but in its absence we think no such liability is to be implied. (Lowell on Transfers of Stock, § 187; *Cowles* v. *Cromwell,* 25 Barb. 413; *Cole* v. *Ryan,* 52 Barb. 168; *Billings* v. *Robinson,* 94 N. Y. 415; *Isham* v. *Buckingham,* 49 N. Y. 216; *Tucker* v. *Gilman,* 121 N. Y. 189; *Webster* v. *Upton,* 91 U. S. 65; *Johnson* v. *Underhill,* 52 N. Y. 203; *Schenectady, etc., Road Co.* v. *Thatcher,* 11 N. Y. 102; Cook on Stock and Stockholders, § 255.)

The authorities to which our attention has been called by the appellant are those in which there was a provision, either by statute or in the contract, to the effect that the shares were to be paid for by the subscriber, notwithstanding any transfer which should be made, or where there is some other provision showing a clear intent that the original subscriber should be regarded as absolutely liable to pay the full amount of the stock for which he subscribed. Those cases have no application to the question here.

At the time the plaintiff was organized the greater portion

of chapter 40, Laws 1848, had been repealed by chapter 564, Laws 1890, and the provisions of that chapter, which was known as the Stock Corporation Law, were substituted in place of the portion of the law of 1848 which was repealed. The statute of 1890 contained this provision : " If a stockholder shall be indebted to the corporation, the directors may refuse to consent to a transfer of his stock until such indebtedness is paid, provided a copy of this section is written or' printed upon the certificate of stock " (§ 26), which is continued by chapter 688, Laws 1892. Therefore, if the directors of the plaintiff had desired to make the stock non-transferable, without their consent, so long as the stockholder should be indebted to the corporation, they might have done so by causing to be written or printed upon the certificate a copy of the section which contains that provision.   But as nothing of the kind was done, no such right existed.   This court so held in *Reynolds* v. *N. Y. Building Loan B. Co.* (158 N. Y. 694), in which no opinion was written.

Moreover, as we have already seen, the same result might have been effected by a provision in the by-laws of the corporation, or by a provision in the original agreement signed by the subscribers.   But as none of those things was done, and as no such agreement is implied, the defendant was not liable to pay in full for the stock subscribed for by him after he ceased to be a stockholder by a *bona fide* transfer of his shares, and this action must fail so far as it rests upon that contention.

This brings us to the second question, whether the transfer by the defendant to Van Every was made in good faith, or whether there was evidence which presented a question of fact for the jury as to whether the transfer was absolute or otherwise.   When the plaintiff rested, the defendant moved that the court direct a verdict in his favor upon the ground that the undisputed evidence was that the plaintiff accepted Van Every as a stockholder in the place of the defendant, and had pursued its remedy against him to judgment and satisfaction thereof.   This motion was granted and an exception taken.   As the plaintiff made no motion and took no action

from which a waiver of its right to go to the jury could be implied, its exception to the ruling of the trial judge directing a verdict was sufficient to present the question whether there were facts for the jury, and it was not necessary to go farther and request that any fact be so submitted. (*Trustees of East Hampton* v. *Kirk*, 68 N. Y. 459; *First Nat. Bank* v. *Dana*, 79 N. Y. 108; *Stone* v. *Flower*, 47 N. Y. 566; *Frecking* v. *Rolland*, 53 N. Y. 422, 424.)

In determining the question of the good faith of the transfer from the defendant to Van Every, the circumstances disclosed by the evidence should be considered. They were peculiar in many respects. It must be conceded that the corporation was at the time greatly embarrassed, if not insolvent. The proof shows that the mortgage and floating debts of the corporation amounted to sixty-eight thousand dollars, and that it had been sued upon a note for five thousand dollars. The defendant was one of the trustees, and was generally in attendance at the meeting of the directors. As such, he opposed assessments upon the stock until he disposed of all that stood in his name which was assessable. When he first transferred a portion of his stock, it included all that was assessable, and at the same time he procured to be conveyed to the same purchaser two shares that formerly belonged to his son. The consideration for the transfer of thirty-two hundred dollars par value of the stock, upon which there had already been paid twelve hundred dollars upon calls made by the corporation, was the sum of three dollars. The purchaser was a waiter in a restaurant where the defendant had taken a portion of his meals. He did not even know how many shares he purchased, nor from whom they originally came. He had not seen the certificates when he made the purchase, nor did he apply to have the stock transferred to him upon the books of the company. That was done by the defendant. He was never seen by the officers of the plaintiff, or known to them. When all these facts are considered, with the added one that the defendant procured some person unknown to Van Every to purchase his stock, and that the transfer of it

74

by him was not completed by a transfer upon the books of the company, it can hardly be said, as matter of law, that the defendant parted with his stock in good faith so as to be relieved from his responsibility as a stockholder of the plaintiff as to its creditors and the other stockholders. If this was all of the case, we should have little difficulty in holding that the question whether the transfer was absolute or a mere sham, was a question of fact which should have been submitted to the jury.

We, however, find that the sale of the stock by the defendant to Van Every was not only ratified by the plaintiff by canceling its certificate issued to the defendant and issuing a new certificate to the purchaser, but that after the lapse of a year and eight months it commenced an action against Van Every as a stockholder to recover the amount of a call it had made upon the shares of stock then standing in his name, and subsequently obtained a judgment against him therefor, which it satisfied. Moreover, this action was not commenced until nearly a year after the judgment against Van Every was obtained, and nearly two years and eight months after the transfer of the defendant's stock to him. The learned Appellate Division held that under these circumstances it was too late for the plaintiff to attempt to retreat from the position it occupied, rescind its action, and hold the defendant liable as a stockholder. As this is not an action by the creditors of the corporation, but is between the corporation and a former stockholder, the transfer of whose stock they have thus confirmed, we are disposed to sustain the decision of the court in that respect and upon that ground affirm its judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.