(34 Misc. Rep. 483.)

SEEBECK et al. v. KING et al.

(Supreme Court, Trial Term, New York County. April, 1901.)

FOREIGN CORPORATIONS—DIRECTORS—TERM OF OFFICE—LIABILITY FOR DEBTS.
The laws of a foreign state provided that the directors of a corporation should hold office for one year, and until others were qualified in their stead. A director of a foreign stock corporation doing business in the state was elected September 28, 1897, for one year. The corporation failed to file with the secretary of state an annual report in January, 1898, as required by law, or to file within 30 days after February 1, 1898, the certificate under oath required by the stock corporation law, as amended by Laws 1897, c. 384, § 2, as to the condition of the company. No successor as director was ever elected or appointed to succeed him, though he had agreed to remain in the directorate for not more than two months. *Held*, that he was liable, under the stock corporation act, for a debt contracted by the corporation in May and June, 1898, under the presumption that he was still a director at that time.

Action by John H. Seebeck and others against Herbert Booth King and others. Judgment for plaintiffs, and defendant Mott moves for a new trial. Denied.

Baldwin & White, for plaintiffs.
Kenneson, Crain & Alling, for defendants.

McADAM, J. The action is by a creditor of a New Jersey stock corporation, doing business in this state, against its directors, to enforce their statutory liability. The jury found for the plaintiffs, and the defendant Mott moves for a new trial on the ground of error of law in refusing to dismiss the complaint. The motion is grounded on the contention that at the time the indebtedness was contracted the defendant Mott was not a director of the corporation. In 1897, by chapter 384, the legislature amended section 30 of the stock corporation law (Laws 1892, c. 688) by expressly requiring every foreign stock corporation doing business within this state, except moneyed and railroad corporations, to file the statutory annual report during the month of January; the consequence of the neglect of the corporation to make such report, and the failure of a director of the company to file with the secretary of state, within 30 days after February 1st, the prescribed certificate, being to make him liable, and jointly with other defaulting directors, for the existing debts of the corporation. The indebtedness was contracted in May and June, 1898. No report was filed by the corporation in January, 1898, or at any other time, in the office of the secretary of state of New York; nor did any of the defendants file in said office the certificate authorized by the statute. It appears from a report filed by the corporation in the office of the secretary of state of New Jersey that the defendant Mott was elected or appointed a director of the company on September 28, 1897, for the term of one year. The said defendant, however, testified that at the annual meeting of directors and stockholders in September, 1897, he requested that he be dropped from the directorate; that, at the urgent request of the co-defendants, he agreed to remain on the board for not over two months; that, on November 20th following, he drafted a letter, and told one of the co-defendants that he resigned; that said co-defendant said the place would be filled at once, and about a week afterwards notified Mott that they had filled it; that he (Mott) had no knowledge that anybody was elected in his place; and that he did not send the letter he had drafted to the corporation.

Section 12 of "An act concerning corporations" (Laws N. J. 1896; Revision of 1896) provides that the directors of corporations shall be chosen annually, and shall hold office for one year, and until others are chosen and qualified in their stead. It does not appear that any one was chosen to act as director in Mott's stead. The presumption, therefore, is that Mott continued a director, and that he was a director when the indebtedness was contracted. Bank v. Faber, 38 App. Div. 163, 56 N. Y. Supp. 542. As the New Jersey statute prescribing the term of office of directors is deemed the law here applicable, it is unnecessary to discuss the point whether the acts of

Mott constitute a valid resignation, which might be sufficient, in the case of a director of a domestic corporation, to free him from liability for subsequent debts. Sinclair v. Fuller, 158 N. Y. 612, 53 N. E. 510; Blake v. Wheeler, 18 Hun, 496; Osborne & Cheesman Co. v. Croome, 14 Hun, 164; Chandler v. Hoag, 2 Hun, 614; Bank v. Colwell, 132 N. Y. 250, 30 N. E. 644. There is nothing in section 60 of the stock corporation law which militates against the application of the New Jersey statute. Where a corporation whose by-laws provided that its directors should hold office for a year, or until their successors were elected, held its last election for directors in 1892, it was decided that the directors then elected would, by virtue of the by-laws and the statutes, be presumed to have been acting as directors in January, 1897. Vineyard Co. v. Fritz, 48 App. Div. 233, 62 N. Y. Supp. 775. It is clear that the enabling act of the corporation in question is, at least, as binding upon its directors as were the by-laws of the company in the case cited. Owing its existence in New Jersey, the corporation is controlled by the laws of that state, which may and do determine the number of directors, their tenure of office, and the places where they must reside. It would be absurd to hold that a person could be a legal acting director if sued in New Jersey, but that he is not a director if sued under like circumstances in New York. When the charter of a New Jersey corporation comes legally before the courts of New York, the laws of the foreign state regulating and governing the grant come with it, are read into and form part of it, and all are to be construed together. The jury have disposed of the facts, and, as no error of law is apparent, the motion for a new trial must be denied.

Motion denied.