John H. Farnham, J.
Milton Finke, one of the defendants in this action, moves under rule 106 of the Buies of Civil Practice to dismiss the complaint as against him for legal insufficiency. The complaint in substance alleges that the defendant *329 Finke, in company with other defendants “ consented, promoted, ratified, approved and assented ” to a transfer of the assets of Onondaga Operating Corp., herein called Onondaga, claimed to be bankrupt, by involuntary petition in bankruptcy filed against it on June 19, 1959, to the defendant corporation Warren-Jefferson Properties, Inc., herein called Warren Corporation, and 11 caused the same to be ratified for the purpose of defrauding creditors of the bankrupt corporation ’ ’.
It appears that from January 1,1956, to June 14, 1959, Onondaga operated the Onondaga Hotel in Syracuse under a written lease, and it is claimed that as of May 31, 1959, 11 according to its books and records maintained in the ordinary course of business, it had assets of $350,000.00 ”. Certainly none of these assets can be classed as quick assets and no cash assets appear in the list alleged in the complaint. Also attached to the complaint in Schedule A, which sets forth 135 unsecured creditors of said corporation, whose claims appear to have totaled $109,-534.37; also a list of five secured creditors whose claims total $8,408.38, and three tax claims due the State of New York and the United States of America, Director of Internal Revenue (whose latter claim as to amount is disputed), totaling $68,583.68. From January 1,1956, to May 1,1959, three and one-third years, the defendant Finke was a stockholder, director and president of the defendant Warren Corporation. On May 1, 1959, Finke resigned as an officer and director of the said defendant corporation, and on that date he also divested himself of his interests and transferred his stock in said defendant corporation to another defendant named herein. Both the resignation of Finke and the transfer of his stockholdings on May 1,1959, are alleged by the plaintiff.
Plaintiffs also allege in their complaint that the bankrupt corporation had been insolvent since January 1, 1959, which was some four months prior to the date on which the defendant Finke divested himself of his offices and stockholdings in said defendant corporation.
Section 15 of the Stock Corporation Law of the State of New York appears to make stock transfers in such a situation void. It is conceded that this is not the relief which plaintiff seeks. However, the test of the statute taken from its context states, ‘ ‘ No stockholder of any corporation shall make any transfer or assignment of his stock therein to any person in contemplation of its insolvency”. Also, the authority of the case of Sinclair v. Fuller (158 N. Y. 607) would tend to the construction that if plaintiffs be given every fair inference under this motion, as they must, then by alleging insolvency of the defendant Warren *330 Corporation, they have brought the defendant Finke into court at least insofar as this motion is concerned. If defendant Finke denies such insolvency, or its contemplation, of the defendant Warren Corporation on May 1, 1959, immediately there is presented a question of fact of this vital question, to be resolved on the trial of this action, and under these circumstances it would seem premature to relieve the defendant Finke from his obligation to defend this action insofar as he is concerned. The text of section 15 of the Stock Corporation Law is completely mandatory and expressed so fully that taken with the allegation of insolvency of defendant Onondaga in plaintiff’s complaint it cannot be ignored for purposes of this motion. There is another issue raised by the defendant as to possible conflict between equitable and legal relief. However, the court feels that since the merger of law and equity in this State, this point is not well taken. To hold otherwise would seem to give effect to form only and ignore substance.
Under the circumstances expressed herein, the motion of defendant Finke is denied, with $10 costs.