Niles *et al. v.* Dodge.

NIBLACK, J., was absent.

---

## NILES ET AL. *v.* DODGE.

70 147
150 199
70 147
158 419
70 147
e164 284

CORPORATION.—*Failure of Directors to Publish Statement of Financial Condition.*—*Individual Liability of Directors.*— *Complaint.*— *Exhibit.*— In an action against directors of a corporation alleged to be insolvent and to have been organized under the laws of this State, to hold them individually liable for a debt of the corporation, on the ground that they had failed to make and publish an annual statement of its financial condition, as required by statute, 1 R. S. 1876, p. 619, the articles of association form no part of the complaint, though attached thereto, and if it fails to allege the purpose for which such corporation was organized, it is bad on demurrer.

SAME.—If such complaint fails to allege that the directors sued constitute at least a majority of such directors, the mere allegation that such defendants had failed to make and publish such annual statement is not sufficient to charge them individually.

SAME.—The manner in which the plaintiff was misled and deceived by the misconduct of such directors should be clearly alleged in the complaint.

From the St. Joseph Circuit Court.

*A. Anderson* and *L. Hubbard,* for appellants.

NIBLACK, J.—The action in this case was by Wallace H. Dodge, against Henry G. Niles, James Q. C. Van Den Bosch and William N. Dunn, and the complaint was substantially as follows:

That on the 20th day of December, 1870, the defendants, with William W. Ferris, Seward E. White, James Welliver and Alfred H. Andrews, united themselves, under the then existing laws of the State of Indiana, by certain articles of association, a copy of which was filed and marked as "Exhibit A," into a corporation known by the name of the Andrews School and Church Furniture Company, with the capital and for the purpose in said articles set forth; that, of the capital stock, the said Niles owned the sum of two thousand five hundred dollars, the said Van Den Bosch the sum of five thousand dollars, and the said Dunn a sum unknown to the plaintiff; that said articles of association were duly filed in the office of the recorder of St. Joseph county, and a duplicate thereof in the office of the Secretary of State, both of the State of Indiana; and that thereupon said corporation proceeded to do business as specified in said articles of association, in the town of Mishawaka, in said county of St. Joseph; that the defendants, with the said Seward E. White, since deceased, were named in said articles of association as the directors of said corporation; that the defendants thereupon assumed the duties of such directors and the management of said corporation, and so continued as such directors, and in the management of said corporation, until the time of the commission of the grievances complained of; that, by the laws of the State of Indiana, it was the duty of the defendants, as such directors, to an-

nually, within twenty days from the first day of January, make a report, and cause the same to be published in some newspaper of the county, stating the amount of the capital, the amount of the assessments made and actually paid in, and the amount of the existing debts, which report should have been signed by said defendants, directors as aforesaid, or a majority of them, and verified by their oaths; that, although there was a weekly newspaper printed in said town of Mishawaka, the defendants failed, in each of the years of 1872, 1873, 1874, 1875 and 1876, to make any such report, or any report whatever, of the financial condition of said corporation; that, being misled and deceived by the failure to make such reports, and believing that said corporation was solvent, the plaintiff sold and delivered various articles of merchandise, and on the 23d day of June, 1876, received from the said corporation its note for the sum of two hundred and fifty-seven dollars and fourteen cents, payable at sixty days from date, which remaining unpaid after maturity, the plaintiff recovered judgment thereon in the St. Joseph Circuit Court, on the 26th day of December, 1876, for the sum of two hundred and sixty-five dollars and ninety-four cents, and seven dollars and forty cents costs; that thereafter, on the 9th day of January, 1877, the plaintiff caused execution to be issued on said judgment, upon which execution demand was made, and to which there was a return of "No property found on which to levy;" that said corporation was then, and for more than two years previously had been, insolvent and unable to pay its debts; that, by reason of the failure of the defendants to make the reports aforesaid, the plaintiff was induced to give credit to said corporation, and has been damaged in the sum of six hundred dollars.

Summons was not served upon Dunn, and the cause was continued as to him. Niles and Van Den Bosch de-

murred to the complaint, for want of sufficient facts, but their demurrer was overruled.

Issue, trial by jury, verdict and judgment against Niles and Van Den Bosch, the appellants, for $280.43 and costs.

The appellee has filed no brief; consequently no answer has been made here to the various objections urged by the appellants to the proceedings below.

The first question presented is that of the sufficiency of the complaint. The complaint perhaps sufficiently averred that the defendants, with others, had formed themselves into a corporation, *Traber* v. *Bright*, 32 Ind. 69, but it did not state the purpose for which the corporation was organized, nor any facts from which the purpose of its organization could be fairly or reasonably inferred. The name assumed by the organization indicated nothing as to the particular business to which it was to be devoted.

This was clearly a material omission, and one not in any proper way supplied by the filing of a copy of the articles of association with the complaint, such articles not constituting the foundation of the plaintiff's cause of action, and hence not becoming a part of the complaint. *The Excelsior Draining Company'* v. *Brown*, 38 Ind. 384; *Knight* v. *The F. and W. Turnpike Co.*, 45 Ind. 134; *Combs* v. *Etter*, 49 Ind. 535; *Parsons* v. *Milford*, 67 Ind. 489.

It was necessary that there should have been some averment in the complaint, as to the object for which the corporation was formed, to enable the court to determine whether the organization was of a character authorized by some statute, and to know what duties the defendants were required to perform as directors of such corporation. But conceding that enough was alleged to authorize the inference that the corporation was organized under the act of May 20th, 1852, and the acts amendatory thereof, 1 R. S. 1876, p. 619, we are of the opinion that the complaint did not make out a case under that act.

A corporation organized under that act must be managed by not less than three, nor more than eleven, directors, who shall, after the first year, be annually elected by the stockholders, and who shall elect a president and a secretary and treasurer. Such a corporation, acting through its president and at least a majority of its directors, must annually, and within twenty days from the first day of January, make and publish a report, stating, in certain respects, the condition of its business.

If the corporation shall fail to make such report, and any person or persons shall be misled or deceived and damaged thereby, then all the officers who shall have failed to make such report shall be jointly and severally liable for all damages resulting from such failure on their part, while they remain stockholders in the corporation. It is, therefore, from the failure of the corporation to make the required report, that a right of action accrues for such failure, against its delinquent officers.

In the complaint before us, it was charged that the defendants, while acting as directors, had, during a series of years, failed to make any report of the condition of the corporation. That was clearly not equivalent to an averment that the corporation had not made any such report during those years. The number of directors in charge after the first year was not alleged. For aught that was shown, the defendants may have constituted only a minority of such directors, after that time, without whom the proper reports could have been made by the majority, acting in conjunction with the president.

Then again, the manner in which the plaintiff was misled and deceived by the alleged misconduct of the defendants was not, we think, charged with sufficient certainty. *Steele* v. *Moore,* 54 Ind. 52.

Our attention has been called to some other manifest uncertainties in the allegations of the complaint, but, as

the defective allegations thus pointed out can be easily rendered more specific, we need not further refer to them here. For want of a sufficient complaint, the judgment will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings.