THE PHILADELPHIA & READING COAL AND IRON COMPANY, Respondent, *v.* ELIAS HOTCHKISS, Impleaded, etc., Appellant.

*It seems,* that in an action to charge defendant as trustee of a manufacturing corporation, because of failure of the corporation to file an annual report, where it appears that the term of office of defendant expired before the contracting of the debt for which he is sought to be made liable,

Statement of case.

it is necessary for the plaintiff to prove that defendant held over and continued to act after the expiration of his term; this fact is not to be presumed.

In such an action defendant offered to prove that after his term of office had expired, and before the debt to plaintiff was contracted by the corporation, he filed his petition in bankruptcy, including in his list of assets his stock in the corporation; that he was adjudged a bankrupt and assigned and delivered said stock to the assignee and received his discharge, and that after the filing of the petition he had no connection with the corporation. This offer was rejected. *Held*, error; that the bankruptcy proceedings were circumstances bearing upon and explaining the fact that defendant had ceased all connection with the corporation; and so that proof thereof was competent, and the offer was not too broad.

(Argued October 12, 1880 ; decided November 9, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts appear in the opinion.

*Henry D. Hotchkiss* for appellant. The defendant is not liable for the plaintiff's debt, unless he was a trustee in 1874, when such debt was contracted. (*Shaler & Hall Quarry Co. v. Bliss*, 27 N. Y. 297; *Boughton* v. *Otis*, 21 id. 261; *McHarg* v. *Eastman*, 4 Robt. 635.) The certificate of incorporation, in which the defendant was named as one of the trustees, was insufficient to hold him as trustee after the year had expired, without evidence of his having acted as trustee thereafter. (*Van Amburg* v. *Baker* [Court of Appeals, April 20, 1880], Alb. L. J., vol. 21, No. 18, p. 354; *Deming* v. *Puleston*, 1 J. & S. 231 [affirmed, 55 N. Y. 655]; *Reed* v. *Keese*, 37 N. Y. Sup. Ct. 269 [affirmed, 60 N. Y. 616]; *Wade* v. *Baker*, 14 Hun, 615; *Vincent* v. *Sands*, 11 Abb. Pr. [N. S.] 371; *People ex rel. Peters* v. *Treadwell*, 18 Hun, 427.) Admitting that defendant was a trustee on December 10, 1873, if it was not his duty to file a report thereafter, he is not liable in this action. (*Craw* v. *Easterly*, 54 N. Y. 680; *Boughton* v. *Otis*, 29 Barb. 197; *Squires* v. *Brown*, 22 How. Pr. 35, 44–45.) He had a

right to resign, and this resignation need not have been accepted by the company, nor entered on its minutes. (*Chandler* v. *Hoag*, 2 Hun, 613 [affirmed, 63 N. Y. 624.]) It might have been oral. (*Rex* v. *Mayor of Ripon*, 1 Ld. Raym. 563.) The ownership of stock was essential to his trusteeship. (Laws 1848, § 3, chap. 40, p. 55.) When he ceased to be a stockholder the presumption is that he ceased to be a trustee. (*Hemis* v. *Wesley*, 13 Hun, 492; *Butterfield* v. *Radde*, 9 J. & S. 181.) After the assignment the trustee in bankruptcy had full title to and control of the stock. (U. S. R. S., § 5103; *Boughton* v. *Otis*, 21 N. Y. 261, 262, 263; *Shaler & Hall Quarry Co.* v. *Bliss*, 27 id. 297; *Sturges* v. *Vanderbilt*, 73 id. 384.) The claim that the proceedings in bankruptcy were properly rejected because they were not pleaded was not good. (*Krekeler* v. *Ritter*, 62 N. Y. 372–4.) Defendant's obligation, if any, is confined to the original debt and interest. (*Rorke et al.* v. *Thomas et al.*, 56 N. Y. 559–565.)

*Edward Mitchell* for respondent. No debt created while a bankrupt is acting in a fiduciary character shall be discharged by proceedings in bankruptcy. (U. S. R. S. [2d ed.] 1878, 986, § 5117.) The defense of a discharge in bankruptcy is in the nature of a compulsory satisfaction and must be specially pleaded as a defense. (U. S. R. S. [2d ed.] 1878, 986, § 5119.) The evidence offered of a discharge in bankruptcy, not being legal evidence, was properly excluded. (*Keller* v. *N. Y. C. R. R. Co.*, 2 Abb. Ct. App. Dec. 491; *Daniels* v. *Patterson*, 3 N. Y. 47–51; *Hosley* v. *Black*, 28 id. 438, 445.) The additional exception filed by defendant cannot be considered on this appeal, as it was not considered by the court below. (Code of Civ. Proc., § 1337.) The finding of fact that the defendant was at all times a trustee cannot be brought up for review as a question of fact by an exception to the ruling. (§§ 992, 993, 994, Code, second sentence and note.) A trustee in such a case as this does continue in office, and, for default of the company annually to publish and file the report, becomes liable for all debts existing at the times of each default. (*Nimmons* v. *Tap-*

*pen*, 2 Sweeny, 252, 260 ; *Deming* v. *Puleston*, 55 N. Y. 655 ; *Jan* v. *Lefferts*, 16 Abb. [N. S.] 42 ; *Boughton* v. *Otis*, 21 N. Y. 261 ; *S. & H. Quarry Co.* v. *Bliss*, 27 id. 297 ; *Reed* v. *Keese*, 60 id. 616.)

FINCH, J.    The defendant was sought to be made liable for a debt due to the plaintiff from " the Excelsior Manufacturing Company of the State of New York," organized under the general act of 1848, and which debt was contracted in July, 1874, and put in judgment in 1875, upon the ground that he was a trustee of such company when the debt was contracted, and that the company failed to publish and file the annual report required by section 12 of chapter 40 of the Laws of 1848, and the acts amending the same.    The case was tried before the court without a jury, and the eighth finding of fact was, " that the defendant Elias Hotchkiss at all of the times mentioned in the complaint was a trustee of said Excelsior Manufacturing Company."    The only evidence to support this finding was the original certificate of incorporation of said company, filed October 10th, 1871, naming the defendant as one of its trustees " for the first year."    His term of office, therefore, expired before the plaintiff's debt was contracted.    His office became vacant at the end of the first year, and to make him liable for debts afterward contracted, it was necessary for the plaintiff to prove that the defendant held over, and continued to act, notwithstanding the expiration of his term.    (*Van Amburg, etc.,* v. *Baker, etc.,* 21 Alb. Law Jour. 354.)    The fact is not to be presumed.    The express limitation of the term leaves no room for presumption.    In the case cited the authorities are collected in the opinion of Judge EARL, and it is held that the only effect of section 4 of the act of 1848 is to make officers actually holding over, and continuing to act, directors *de jure* until their successors are chosen.    The plaintiff, therefore, did not establish a cause of action, and there was no evidence to sustain the finding that the defendant was trustee when the debt was contracted. But the question was not raised at the trial.    A motion for a nonsuit was made, but solely upon the ground that " no failure to publish the report had been

proved," and no exception to the finding of the judge was taken until after the argument and decision of the case in the General Term when an exception was filed under an order allowing it to be done *nunc pro tunc*. It is not necessary to consider the effect of these omissions, because a further and fatal objection to the judgment remains. The defendant offered to prove that he filed a petition in bankruptcy on December 10th, 1873, including in his list of assets his stock in the Excelsior Manufacturing Company; that he was adjudged a bankrupt; that he assigned and delivered this stock to an assignee in bankruptcy, which that assignee continued to hold; that the defendant received his discharge, and that since the filing of the petition he had had no connection with the company, and had in no manner made himself *de facto* a trustee thereof. This offer was rejected, and the defendant excepted. It is apparent, therefore, that not only did the plaintiff fail to establish that defendant was in fact a trustee when the debt was contracted, but that the latter was prevented from proving that he was not such trustee. It is claimed that the exception is unavailing because the offer is too broad; that proof of the proceedings in bankruptcy was inadmissible, and being coupled in one offer with evidence perhaps competent, the ruling was, therefore, proper. But the offer was in truth single and not compound. The bankruptcy proceedings and the consequent transfer of the stock to the assignee were but details of the one fact offered to be proved. They were circumstances bearing upon and explaining the fact most material for the defense, that after the close of his term of office the defendant ceased all connection with the company, and did not thereafter become *de facto* a trustee. The defendant has been held liable without any proof that he was trustee at the time the plaintiff's debt was contracted, and has been refused permission to prove that he was not such trustee. It is very clear that injustice has been done him by the ruling.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.