## ST. JOHN v. STAFFORD ET AL.

[No. 3,347. Filed March 26, 1901.]

From the Delaware Circuit Court. *Reversed.*

*J. N. Templer, C. C. Ball* and *E. R. Templer,* for appellant.

*J. W. Ryan* and *W. A. Thompson,* for appellees.

ROBINSON, J.—Appellees, as directors of a corporation, failed to make an annual report of the condition of the corporation as provided in §§5071, 5073 Burns 1894. Appellant loaned money to the corporation, which was not paid when due because of the corporation's insolvency.

The complaint avers the existence and purposes of the corporation; that appellees were directors during the years 1893, 1894, and 1895; that about the 1st day of January, 1894, the corporation became insolvent, and has since so remained; that on October 29, 1894, appellant, knowing nothing of its real financial condition, but believing it to be solvent, loaned the corporation $200 evidenced by a note due one year after date; that the note was not paid when due, and was afterwards reduced to judgment, which is unpaid, all because of the corporation's insolvency; that appellees as directors made no reports in 1893, 1894, and 1895 showing the financial condition of the corporation, and did not make or cause to be made and published in any newspaper any such report for such years, and had such reports been made, filed, and published according to and as required by law, or at all, such reports would have shown said corporation to be insolvent during the years of 1894 and 1895; and had such report been made and published according to and as required by law twenty days from the 1st day of January, 1894, it would have shown such an amount of indebtedness owing by the corporation as to have, and it would have,

prevented and deterred plaintiff from loaning, and he would not have loaned, the $200, or any other sum of money, to the corporation on the 29th day of October, 1894, or at any time during the year 1894, on twelve months' time, or at all, without exacting good security, and in such case plaintiff would not have extended any credit to the corporation on October 29, 1894, or at any other time after the publication of such report in that year; that the plaintiff, believing the corporation to be solvent and not in debt, and having no other means of knowing, and not knowing, the financial condition of the corporation, and there being no report showing its financial condition published in any public newspaper of the county, or at all, that appellant was not a stockholder of the corporation and had no right to inspect its books, and knowing that it was capitalized at $10,000, as shown by its certificate of incorporation in the offices of the county recorder and Secretary of State, and personally knowing the directors to be men of good financial standing, and not seeing any published report, and being entirely ignorant of its true financial condition, and having no other means of learning the facts, appellant was deceived into believing the corporation's financial condition to be good by the failure to publish such report, and, being so deceived, made the loan; that the corporation has no property whatever subject to legal process.

Appellees answered in denial, and answered specially the two years' statute of limitations. To this special answer a demurrer was overruled, and this ruling presents the only question argued.

Section 5071 Burns 1894 requires the corporation, annually, to publish a verified report, signed by the president and a majority of the directors, showing amount of capital stock, assessments made and actually paid in, and amount of existing debts. Section 5072 Burns 1894 specifies the meaning of the word " annually " as used in the preceding section. Section 5073 Burns 1894 provides that if such report be false, " or if they shall fail to give such notice or make such report and any person or persons shall be misled or deceived by such false report or certificate, or on account of such failure to make such report, and damaged thereby, then all the officers who shall sign the same, knowing it to be false, or fail to give the notice or make reports as aforesaid, shall be jointly and severally liable for all damages resulting from such failure on their part while they are stockholders in such company."

In the case of *American Credit Indemnity Co.* v. *Ellis*, 156 Ind. 212, suit was brought against the directors for having published a false report. It was held that the action was not an action to recover a " penalty " given by statute, but was a suit to recover damages for a fraud, and that answers of the two years' statute of limitations were insufficient. Upon the authority of that case the judgment is reversed.