[No. 12990. Department Two. October 9, 1916.]

BARNARD MANUFACTURING COMPANY, *Appellant*, v. RALSTON MILLING COMPANY et al., *Respondents*.[1]

CORPORATIONS — TRUSTEES — TERMS—PRESUMPTIONS. Under Rem. 1915 Code, § 3679, expressly limiting the term of the first trustees of a corporation to six months, there is no presumption that they hold over after such term.

SAME. Under Rem. 1915 Code, § 3687, providing that all acts of trustees of a corporation shall be binding upon the company until their successors are elected and qualified, they do not hold over as a matter of law, in the absence of any evidence on the subject.

SAME—TRUSTEES—LIABILITY—UNAUTHORIZED BUSINESS—EVIDENCE —PRESUMPTION. In the absence of a showing that a corporation began to do business prior to the expiration of the term of trustees named in its articles, or that they were acting as trustees either when it began to do business or when the transaction occurred, they are not liable for the debts contracted before all the stock was subscribed for.

Appeal from a judgment of the superior court for Adams county, Linn, J., entered May 5, 1915, upon granting a

[1]Reported in 160 Pac. 309.

nonsuit, dismissing an action on contract and for equitable relief. Affirmed.

*Losey & Newton*, for appellant.

*Adams & Naef*, for respondents.

MAIN, J.—The purpose of this action was to recover a judgment for merchandise sold and delivered, and also for the appointment of a receiver. The defendants, so far as necessary here to refer to them, were Ralston Milling Company, a corporation, and certain individuals who had been named in the articles of incorporation of that company as trustees. The corporation was insolvent, and judgment went against it by default. As to the other defendants, a nonsuit was entered. From the judgment of nonsuit, the plaintiff appeals.

The facts are these: In the articles of incorporation of the Ralston Milling Company, E. H. Herring, V. T. Donnell, and one other were named as the trustees to manage the affairs of the company "up to and including the first day of July, A. D. 1908." This was in accordance with the statute, Rem. 1915 Code, § 3679, which requires that, in the articles of incorporation, the number of trustees and names thereof who shall manage the concerns of the company for a period of time not less than two nor more than six months shall be stated.

The merchandise for which the action was brought was sold and delivered subsequent to January 6, 1909. The capital stock of the corporation named in the articles was $25,000, divided into 250 shares of the par value of $100 per share. The corporation began doing business, and continued to do business, with only about one-half of its capital stock subscribed for. The merchandise was sold by the appellant upon credit in reliance upon the assurance of the manager of the corporation that the capital stock had been fully subscribed. On what date the corporation began to do

business does not appear from the evidence. Neither does the proof show that Donnell and Herring were trustees of the corporation at the time the merchandise for which the action was brought was sold and delivered. The theory of the action was that trustees of a corporation who launch it upon the business world prior to the time when its entire capital stock is subscribed for, as required by the statute, or who permit it to transact business when the capital stock is not fully subscribed for, are estopped at the suit of a creditor, when the corporation is insolvent, to deny that the entire capital stock has been subscribed, and are liable to the extent that the stock was not subscribed.

In this case it cannot be found that Herring and Donnell were trustees, either at the time the corporation began business or when the merchandise in question was sold, unless there is a presumption that they continued as trustees after the expiration of their term as specified in the articles. In the articles, as already indicated, it is stated that the trustees named shall serve up to and including the first day of July, 1908. The articles having specified a definite term, it does not seem that there could be a presumption that the trustees named continued after the time mentioned. The express limitation of the term leaves no room for presumption. This was the holding in *Philadelphia & Reading Coal & Iron Co. v. Hotchkiss*, 82 N. Y. 471. In that case the original certificate of incorporation named the trustees who should serve "for the first year." And the question was whether the trustees so named would be presumed to have continued after the expiration of the time mentioned. It was there said: "The express limitation of the term leaves no room for presumption."

If the trustees mentioned in the articles continued to act as such after the time for which they were named, it is doubtless true that their acts would be binding upon the corporation, and that they would be subject to all the burdens and liabilities of trustees.

Rem. 1915 Code, § 3687, provides, that "all acts of the trustees shall be valid and binding upon the company until their successors are elected and qualified." Construing a statute identical in meaning and almost identical in terms in *Van Amburgh v. Baker*, 81 N. Y. 46, it was held that the trustees of a corporation may act as such until their successors are elected and qualified, and that their acts would be binding upon the company, but that they did not hold over as a matter of law.

Since it is not shown in this case that the corporation began to do business prior to the expiration of the term of the trustees stated in the articles, or that they were acting as trustees, either at the time the corporation began to do business or at the time the transaction giving rise to this suit occurred, the question of their liability is not properly here for determination and, consequently, no opinion will be expressed thereon.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and BAUSMAN, JJ., concur.